Fusco v Mace Ave. Med., P.C. (2022 NY Slip Op 05922)

Fusco v Mace Ave. Med., P.C.

2022 NY Slip Op 05922

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 31062/19 Appeal No. 16512 Case No. 2022-01152 

[*1]John Fusco, Plaintiff-Respondent,
v
Mace Avenue Medical, P.C., et al., Defendants-Appellants.

Dwyer & Taglia, Valhalla (Peter R. Taglia of counsel), for appellants.
Gersowitz Libo & Korek, P.C., New York (Anthony Makarov of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered March 4, 2022, which denied in part defendants' motion to compel discovery, unanimously modified, on the law, to direct that plaintiff produce copies of all emails, text messages or other communications between plaintiff and defendants, and otherwise affirmed, without costs.
Defendants were entitled to copies of their emails, correspondence, and texts in plaintiff's possession because they were discoverable party statements (CPLR 3101[e]). Plaintiff was not obligated, however, to produce the medical records of his treatment with defendants, as they made no showing that those records, created and maintained by them, were unavailable to them. As to defendants' demand for the names and addresses of any and all individuals who were witnesses to the medical conditions alleged in the complaint, this request was "palpably improper" as overbroad and burdensome, particularly where no depositions had been held (see Perez v Board of Educ. of City of N.Y. , 271 AD2d 251 [1st Dept 2000]). Defendants were also not entitled to authorizations releasing plaintiff's employment records, as plaintiff had withdrawn all of his claims for lost earnings, and defendants did not make a sufficient showing as to how those records were material or necessary to their defense (see CPLR 3101[a]). Nevertheless, as noted by the motion court, defendants may renew their request for employment records should plaintiff's testimony at his deposition make them relevant. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022